# Supreme Court of Florida

_____

No. SC22-1387
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION AND THE CODE OF JUDICIAL CONDUCT.**

November 17, 2022

PER CURIAM.

We have determined that it is necessary to address judicial papers—that is, records made or received by a justice or judge in connection with the transaction of official business—and their treatment.  Our existing rules already address judicial papers generally by defining them as administrative records of the judicial branch and by outlining their custody, when they are considered confidential, and how long they must be retained.  However, the Court has not adopted rules to explicitly address the treatment of judicial papers upon a judge's or justice's departure from the bench.  We do so now.

The Court, on its own motion, amends Florida Rule of General Practice and Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records) and the Code of Judicial Conduct to clarify the treatment of judicial branch records at the conclusion of judicial service and the continued expectation of judicial confidentiality.[1]  The amendments are intended to resolve any uncertainty and inconsistency as to those two subjects.

## BACKGROUND

Rule 2.420 "govern[s] public access to and the protection of the records of the judicial branch of government."  Fla. R. Gen. Prac. & Jud. Admin. 2.420(a).  Rule 2.420(b)(1) defines "[r]ecords of the judicial branch" as "all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity."  These records include both "court records" and "administrative records."  Fla. R. Gen. Prac. & Jud. Admin. 2.420(b)(1)(A)-(B).  "Court records" are "the contents of the court

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

file" as maintained by the clerk, whereas "administrative records" are "all other records made or received pursuant to court rule, law, or ordinance, or in connection with the transaction of official business by any judicial branch entity." *Id.*

"The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each judge is the custodian of all records that are solely within the possession and control of that judge." Fla. R. Gen. Prac. & Jud. Admin. 2.420(b)(3). The custodian may have a designee. *Id.*

Rule 2.420(b)(4) explains that confidential information within judicial branch records "is exempt from the public right of access under article I, section 24(a) of the Florida Constitution and may be released only to the persons or organizations designated by law, statute, or court order." Then, rule 2.420(c)(1) provides that the records of a court's decision-making process "shall be confidential," describing these records as follows:

> Trial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies

- 3 -

before Florida courts unless filed as a part of the court record[.]

Further, canon 3(B)(12) of the Code of Judicial Conduct states that "[a] judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity."

The Florida Rules of General Practice and Judicial Administration also include a records retention schedule, which specifies the amount of time each type of administrative record must be retained before it may be destroyed, although the records may be retained beyond the time listed. The retention schedule provides the following regarding confidential, court decision-making records:

> **MEMORANDA—LEGAL:  Court's decision-making**
> This record series consists of memoranda, drafts or other documents involved in a court's judicial decision-making process.
> **RETENTION:**  Retain until obsolete, superseded or administrative value is lost.

Further, the retention schedule includes these details for "Administrative Records: Public Officials/Court Administrators:"

> This record consists of office files documenting the substantive actions of elected or appointed officials and the court administrator.  These records constitute the

- 4 -

official record of a judicial branch entity's performance of its functions and formulation of policy and program initiative. This series will include various types of records such as correspondence; memoranda; statements prepared for delivery at meetings, conventions or other public functions that are designed to advertise and promote programs, activities and policies of the judicial branch entity; interviews; and reports concerning development and implementation of activities of the judicial branch entity. ***"These records may have archival value."***
**Retention: 10 years.**

As to requests for access to judicial records, rule 2.420(m)(1)-(2) says that "[r]equests for access to judicial branch records shall be in writing and shall be directed to the custodian" and that "[t]he custodian shall be solely responsible for providing access to the records of the custodian's entity."

## AMENDMENTS

As we have explained, rule 2.420 and canon 3 already govern the treatment of judicial records (including confidential records) and judges' use of nonpublic information obtained in a judicial capacity. However, we have determined that it is prudent to amend rule 2.420 and canon 3 to resolve any remaining uncertainty and inconsistency in the treatment of judicial branch records at the

conclusion of judicial service and in the continued confidentiality of nonpublic information.

Specifically, we amend rule 2.420(b)(3) (Custodian) to provide that "[a]t the conclusion of service on a court, each justice or judge shall deliver to the court's chief justice or chief judge any records of the judicial branch in the possession of the departing justice or judge."  This amendment accounts for justices' and judges' departure from the bench and formally relieves them of their role under rule 2.420 as records custodians.

We also amend canon 3(B)(12) to provide that "[a] former judge is expected to maintain the confidentiality of nonpublic information acquired in a judicial capacity."  This language is intended to emphasize the expectation of judicial confidentiality beyond retirement and to communicate as much to the public.

Accordingly, we amend the Florida Rules of General Practice and Judicial Administration and the Code of Judicial Conduct as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately.  Because the amendments were not published for comment previously, interested

persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration and Code of Judicial Conduct

---

2.  All comments must be filed with the Court on or before January 31, 2023, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case.  If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal).  If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

**APPENDIX**

**FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION**

**Rule 2.420. Public Access to and Protection of Judicial Branch Records**

**(a)** [No Change]

**(b) Definitions.**

(1) – (2) [No Change]

(3) "*Custodian.*" The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each justice or judge is the custodian of all records that are solely within the possession and control of that justice or judge. At the conclusion of service on a court, each justice or judge shall deliver to the court's chief justice or chief judge any records of the judicial branch in the possession of the departing justice or judge. As to all other records, the custodian is the official charged with the responsibility for the care, safekeeping, and supervision of such records. All references to "custodian" mean the custodian or the custodian's designee.

(4) – (6) [No Change]

**(c) – (m)** [No Change]

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

APPENDIX TO RULE 2.420

[No Change]


**CODE OF JUDICIAL CONDUCT**

**Canon 3. A Judge Shall Perform the Duties of Judicial Office Impartially and Diligently**

**A.** [No Change]

**B. Adjudicative Responsibilities**

(1) – (11) [No Change]

(12) A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity. A former judge is expected to maintain the confidentiality of nonpublic information acquired in a judicial capacity.

**C. – F.** [No Change]

**Commentary**

[No Change]